# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

Nº 13-CV-3684 (JFB)

ABDUR JACOBS,

Petitioner,

VERSUS

JOHN DEMARS,

Respondent.

**MEMORANDUM AND ORDER**
July 30, 2014

JOSEPH F. BIANCO, District Judge:

*Pro se* petitioner Abdur Jacobs ("petitioner" or "Jacobs") petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his November 19, 2010 conviction in the Supreme Court of the State of New York, County of Nassau (the "trial court"). Jacobs pled guilty to one count of criminal possession of a weapon in the second degree, N.Y. Penal Law ("N.Y.P.L.") § 265.03(3), concurrent with a violation of probation. Petitioner was sentenced to a determinate term of six years' imprisonment and three years' post-release supervision for the criminal possession charge, and to an indeterminate term of up to four years' imprisonment for the probation violation, to run concurrently. Pursuant to the terms of his plea agreement, petitioner waived his right to appeal.

Petitioner now challenges his sentence (not his conviction), arguing that: (1) he received ineffective assistance of counsel, and (2) his sentence should be reduced because it was excessive. For the following reasons, the Court concludes that Jacobs' claims are procedurally barred due to his guilty plea and voluntary waiver of his right to appeal. The Court has also, in an abundance of caution, reviewed petitioners' claims on the merits and concludes that these claims are without merit and provide no basis for habeas relief in this case.

I. BACKGROUND

A. Facts

The Court has adduced the following facts from the instant petition and underlying state court record.

1. The Weapon Possession Charges

On December 11, 2009, petitioner's residence in Hempstead, New York, was searched by police officers pursuant to a warrant. (Richards Aff. ¶ 5.) Officers

discovered three loaded handguns, one unloaded handgun, a silencer, ammunition, and two bags of marijuana inside petitioner's home. (*Id.*) Another team of officers stopped petitioner while he was driving and arrested him pursuant to a probation violation warrant. (*Id.*) Under Nassau County Indictment Number 1406N-10, petitioner was charged with three counts of criminal possession of a weapon in the second degree, N.Y.P.L. § 265.03(3), five counts of criminal possession of a weapon in the third degree, N.Y.P.L. § 265.02(1), three counts of criminal possession of a weapon in the fourth degree, N.Y.P.L. § 265.01(1), one count of attempted criminal possession of a weapon in the second degree, N.Y.P.L. §§ 110.00, 265.03(3), one count of attempted criminal possession of a weapon in the third degree, N.Y.P.L. §§ 110.00, 265.02(1), one count of attempted criminal possession of a weapon in the fourth degree, N.Y.P.L. §§ 110.00, 265.01(1), one count of aggravated unlicensed operation of a motor vehicle in the second degree, N.Y. Veh. & Traf. Law § 511.2(a)(iv), and one count of criminal possession of marijuana in the fifth degree, N.Y.P.L. § 221.10(2).

2. The Plea Proceeding[1]

On November 15, 2010, pursuant to a plea agreement, petitioner pled guilty to one count of criminal possession of a weapon in the second degree, N.Y.P.L. § 265.03(3), and the remaining charges were dismissed. (Plea Tr. at 2, 9.) The People recommended a term of imprisonment of five years and sought a waiver of petitioner's right to appeal. (*Id.* at 3.) Petitioner's counsel stated that petitioner "join[ed] in the People's application, in all respects." (*Id.*)

At the commencement of the proceeding, the trial court verified that petitioner had discussed the case with his attorney, including his waiver of his right to appeal. (*See id.* at 4–7.) The court confirmed that petitioner was in good physical and mental health at the time of the proceeding, and could understand English. (*Id.* at 4–5.) The court then asked, "Are you satisfied with the manner in which Mr. Lemke has represented you?" (*Id.* at 6.) Petitioner replied, "Yes, sir." (*Id.*) The court also confirmed that Jacobs understood that he was giving up his right to a trial by jury, during which the People would have the burden of proving guilt beyond a reasonable doubt. (*Id.*) Pursuant to the People's request for a waiver of his right to appeal, the court then explained to petitioner: "The People are requiring you to waive your right to appeal. That means once I sentence you, you have no right to appeal the plea, the sentence, or any decisions I have made in connection with this case. Do you understand that?" (*Id.* at 7.) Petitioner replied, "I understand. But—" (*Id.*) After a discussion between petitioner and counsel, the court continued, "Do you waive your right to appeal at this time?", to which petitioner responded, "Yes, sir." (*Id.* at 8.)

During the proceedings, the court explained that petitioner, upon pleading guilty, would also be admitting to a violation of probation and could be receiving additional jail time. (*Id.*) Petitioner made no objection. (*Id.*) After petitioner again confirmed his desire to plead guilty, the court informed him that despite a possible sentence of up to fifteen years, the court "promised to sentence [petitioner] to six years determinate, with three years post-release supervision." (*Id.* at 10.) The court continued to caution petitioner: "If, after reading the probation report, I cannot keep my promise, I will permit you to withdraw your plea of guilty, reinstate your plea of not guilty, and you'll be permitted to go to trial. Do you understand that?" (*Id.* at 10–11.)

---

[1] "Plea Tr." refers to the plea trial transcript.

Petitioner responded, "Yes, sir." (*Id.* at 11.) The court addressed petitioner to verify that no other promises had been made. (*Id.*) Defense counsel also indicated that this "is a full and complete recitation of [the] understanding, beyond the fact that [counsel] would try to convince [the Court] on the date of sentence to give [petitioner] five years determinate." (*Id.*) After finding that petitioner understood that he was waiving his rights and that the plea was voluntary (*id.* at 12), the court asked, "How do you plead?" (*id.* at 14). Petitioner responded, "Guilty." (*Id.* at 14.)

### 3. The Sentencing[2]

On January 20, 2011, petitioner and his attorney, Dennis Lemke, Esq., appeared for sentencing. The People recommended a sentence of five years' incarceration with respect to the criminal possession charge. (Sentencing Tr. at 2.) Lemke said, "I believe there had been a six year commitment from the Court to run concurrent to one-a-third to four. Or if the Court wishes to follow the People's recommendation of five years concurrent to one-and-a-third to four, I would not object—" (*Id.* at 3.) Counsel continued by requesting that the Court redact any reference to gang association from the probation report (*Id.* at 3–4.) The court deferred the application, pending a determination of the existence of corroborating evidence. (*Id.*) Petitioner was invited to address the court prior to sentencing, but declined to do so. (*Id.*)

The court then addressed petitioner and stated: "As far as I'm concerned, I'm showing you mercy by the sentence I'm giving you. Because, quite frankly, you and I have both, I guess, known---if I'm not mistaken, you were on probation once before, correct?" (*Id.* at 5.) The court, noting that petitioner was "on probation for stealing something from a thirty-six year old woman" (*id.*), continued: "If you've got a really, really, really, sensitive, empathizing judge, you might get two opportunities [to put your life in order]. Even that sensitive and empathizing Judge, be they the most liberal, turn-the-other-cheek individual you ever faced in life, would never allow an individual to walk away from a violation of probation that involved four guns and a silencer, with numerous rounds of ammunition." (*Id.* at 6.) The court continued, "[Y]ou did admit your guilt. That's why you're not doing more than six years." (*Id.*) It explained that the possible sentence that could be imposed under the indictment was fifteen years, but maintained its commitment from the plea proceedings and ordered a determinate sentence of six years' imprisonment and three years' post-release supervision. (*Id.* at 7.) The court also sentenced petitioner for his violation of probation to a term of one-and-a-third to four years imprisonment, to run concurrently with the sentence imposed under Indictment 1406N-10. (*Id.* at 7–8.) Finally, the court reminded petitioner that, while he had the right to appeal the violation of probation sentence and proceedings, he had waived his right to appeal with respect to the criminal possession of a weapon charge. (*Id.* at 8.)

### B. State Court Appeals

Petitioner appealed his conviction to the Appellate Division, Second Department, arguing that (1) he received ineffective assistance of counsel because counsel did not argue at sentencing for a five-year, rather than a six-year, term of imprisonment; and (2) the sentence was excessive because the prosecutor recommended a five-year sentence. (*See* Br. For Appellant, July 20, 2012, ECF No. 5.) On December 19, 2012, the Appellate Division affirmed petitioner's conviction and sentence, finding that

---

[2] "Sentencing Tr." refers to the sentencing transcript.

petitioner's valid waiver of his right to appeal precludes review of his contentions that the sentence imposed was excessive and that he received ineffective assistance of counsel. *People v. Jacobs*, 955 N.Y.S.2d 525 (N.Y. App. Div. 2012).

Petitioner requested that the Court of Appeals grant him leave to appeal from the Appellate Division's decision affirming his judgment. On February 20, 2013, the Court denied the request. *People v. Jacobs*, 20 N.Y.3d 1062 (2013).

### C. The Instant Petition

On June 27, 2013, petitioner filed the instant petition before this Court for a writ of habeas corpus. This Court issued an Order to Show Cause on July 1, 2013. Respondent submitted the opposition on August 29, 2013. Petitioner replied on September 10, 2013. The Court has fully considered the submissions and arguments of the parties.

### II. STANDARD OF REVIEW

To determine whether petitioner is entitled to a writ of habeas corpus, a federal court must apply the standard of review set forth in 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides, in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "'Clearly established Federal law'" is comprised of "'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.'" *Green v. Travis*, 414 F.3d 288, 296 (2d Cir. 2005) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

A decision is "contrary to" clearly established federal law, as determined by the Supreme Court, "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412–13. A decision is an "unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." *Id.* at 413.

AEDPA establishes a deferential standard of review: "'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.'" *Gilchrist v. O'Keefe*, 260 F.3d 87, 93 (2d Cir. 2001) (quoting *Williams*, 529 U.S. at 411). Additionally, while "'[s]ome increment of incorrectness beyond error is required . . . the increment

4

need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence.'" *Id.* (quoting *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000)). Finally, "if the federal claim was not adjudicated on the merits, 'AEDPA deference is not required, and conclusions of law and mixed findings of fact . . . are reviewed *de novo*.'" *Dolphy v. Mantello*, 552 F.3d 236, 238 (2d Cir. 2009) (quoting *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)).

### III. DISCUSSION

Petitioner argues that he is entitled to habeas relief because: (1) he received ineffective assistance of counsel due to counsel's failure to argue for a five year sentence; and (2) his sentence was excessive because two prosecutors recommended a five year sentence, yet the sentence imposed was six years' imprisonment. For the reasons set forth below, petitioner's request for a writ of habeas corpus is denied in its entirety. Specifically, the Court concludes that petitioner's claims are procedurally barred from federal habeas review because they were decided at the state level on adequate and independent procedural grounds. Due to petitioner's valid waiver of his right to appeal, review of his claims is precluded. Further, petitioner has failed to demonstrate cause for the default and prejudice resulting therefrom, or that a miscarriage of justice would result from the preclusion of these claims. The Court has also considered the claims on the merits and concludes that petitioner has failed to demonstrate any basis for habeas relief.

#### A. Procedural Bar

#### 1. Legal Standard

A petitioner's federal claims may be procedurally barred from habeas review if they were decided at the state level on "independent and adequate" state procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729–33 (1991); *see, e.g.*, *Michigan v. Long*, 463 U.S. 1032, 1041 (1983). The procedural rule at issue is adequate if it is "firmly established and regularly followed by the state in question." *Garcia v. Lewis*, 188 F.3d 71, 77 (2d Cir. 1999) (internal quotation marks omitted). To be independent, the "state court must actually have relied on the procedural bar as an independent basis for its disposition of the case," by "clearly and expressly stat[ing] that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 261–63 (1989) (internal quotation marks omitted). In addition, a state court's reliance on an independent and adequate procedural bar precludes habeas review even if the state court also rejected the claim on the merits in the alternative. *See, e.g.*, *id.* at 264 n.10 (holding that "a state court need not fear reaching the merits of a federal claim in an *alternative* holding," so long as the state court "explicitly invokes a state procedural bar rule as a separate basis for decision" (emphasis in original)); *Glenn v. Bartlett*, 98 F.3d 721, 725 (2d Cir. 1996) (same).

The procedural bar is based on the "comity and respect" that state judgments must be accorded. *House v. Bell*, 547 U.S. 518, 536 (2006). Its purpose is to maintain the delicate balance of federalism by retaining a state's rights to enforce its laws and to maintain its judicial procedures as it sees fit. *Coleman*, 501 U.S. at 730–31. Generally, the Second Circuit has deferred to state findings of procedural default as long as they are supported by a "fair and substantial basis" in state law. *Garcia*, 188 F.3d at 78. However, there is a "small category" of "exceptional cases in which [an] exorbitant application of a generally sound [procedural] rule renders the state ground inadequate to stop consideration of a

federal question." *Lee v. Kemna*, 534 U.S. 362, 376, 381 (2002). Nevertheless, principles of comity "counsel that a federal court that deems a state procedural rule inadequate should not reach that conclusion lightly or without clear support in state law." *Garcia*, 188 F.3d at 77 (citation and internal quotation marks omitted).

If a claim is procedurally barred, a federal habeas court may not review it on the merits unless the petitioner demonstrates both cause for the default and prejudice resulting therefrom, or if he demonstrates that the failure to consider the claim will result in a miscarriage of justice. *Coleman*, 501 U.S. at 750. A petitioner may demonstrate cause by showing one of the following: "(1) the factual or legal basis for a petitioner's claim was not reasonably available to counsel, (2) some interference by state officials made compliance with the procedural rule impracticable, or (3) the procedural default was the result of ineffective assistance of counsel." *McLeod v. Graham*, No. 10 Civ. 3778, 2010 WL 5125317, at *3 (E.D.N.Y Dec. 9, 2010) (citing *Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994)). Such prejudice can be demonstrated by showing that the error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Torres v. Senkowski*, 316 F.3d 147, 152 (2d Cir. 2003) (citation and internal quotation marks omitted). A miscarriage of justice is demonstrated in extraordinary cases, such as where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To overcome a procedural default based on a miscarriage of justice, the petitioner must demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House*, 547 U.S. at 536–38.

2. Application

The Court concludes that petitioner's claims are procedurally barred because they were decided at the state level on adequate and independent state procedural grounds.

The Appellate Division expressly held that petitioner's "valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive, as well as his contention that he received ineffective assistance of counsel regarding that sentence." *Jacobs*, 955 N.Y.S.2d at 525 (citing *People v. Lopez*, 6 N.Y.3d 248, 255 (2006); *People v. Collier*, 895 N.Y.S.2d 848 (N.Y. App. Div. 2010)). "Accordingly, the Appellate Division relied on an independent state procedural ground barring claims that do not relate to the voluntariness of a defendant's plea or the legality of his sentence when there has been a valid waiver of the right to appeal." *Burvick v. Brown*, No. 10-CV-5597 (JFB), 2013 WL 3441176, at *6 (E.D.N.Y. July 9, 2013).

A valid waiver of the right to appeal is an adequate procedural ground barring federal review of petitioner's claims because this rule is firmly established and regularly followed. *Id.*; *see also Lopez*, 6 N.Y.3d at 256 ("[W]hen a defendant enters into a guilty plea that includes a valid waiver of the right to appeal, that waiver includes any challenge to the severity of the sentence."); *People v. Taubenkraut*, 849 N.Y.S.2d 896, 897 (N.Y. App. Div. 2008) ("The defendant's valid and unrestricted waiver of his right to appeal, as part of his plea agreement, precludes appellate review of his claims that the sentence imposed was excessive."); *People v. Petgen*, 55 N.Y.2d 529, 535 n.3 (1982) ("Indeed it may be persuasively argued that even if there were but one attorney, if the ineffective assistance

of counsel did not infect the plea bargaining process itself, the defendant, having admitted commission of the criminal act by his guilty plea, should be held to have forfeited any claim of ineffective assistance of counsel not directly involved in the plea bargaining process."); *People v. Cumba*, 820 N.Y.S.2d 304, 304 (N.Y. App. Div. 2006) ("By pleading guilty, the defendant forfeited appellate review of his claims of ineffective assistance of counsel insofar as they did not directly involve the plea bargaining process."). As this Court recognized in *Burvick*, 2013 WL 344176, at *6, federal courts have held that New York law allowing defendants to waive their right to appeal as part of a plea agreement, as long as the waiver is made voluntarily and is knowing and intelligent, is an adequate and independent state ground that bars habeas review, and this Court agrees with those decisions. *See, e.g.*, *Morales v. Woughter*, No. 09-CV-909, 2010 WL 2399992, at *4 (E.D.N.Y. June 10, 2010); *Riley v. Goord*, No. 02 Civ. 5884, 2003 WL 22966278, at *6 (S.D.N.Y. Dec. 16, 2003).[3]

Therefore, the Court can review petitioner's claims only if petitioner demonstrates both cause for the default and prejudice resulting therefrom, or if he demonstrates that the failure to consider the claim will result in a miscarriage of justice. *See Coleman*, 501 U.S. at 748–51; *Murray*, 477 U.S. at 496. Petitioner has failed to meet this burden. First, petitioner does not claim that he is actually innocent. Further, he has not demonstrated good cause for the default, because it is apparent that both his plea and the waiver of his right to appeal with respect to the six-year sentence were voluntary and knowing, as discussed *infra*. *See Alvarez v. Yelich*, No. 09-CV-1343, 2012 WL 2952412, at *5 (E.D.N.Y. July 17, 2012) (concluding that petitioner had not demonstrated cause or prejudice to excuse default where record established that waivers of right to appeal were knowing and voluntary). Petitioner never withdrew his plea of guilty during the plea hearing when he was warned that he might receive a possible sentence of six years determinate, with three years post-release supervision. (Plea Tr. at 10.) He also did not address the court at the sentencing hearing or object to the imposition of the six year sentence. (Sentencing Tr. at 5.) Thus, the Court concludes that petitioner has failed to show cause for the default and prejudice resulting therefrom, or a miscarriage of justice.[4] Accordingly, petitioner's claims are procedurally barred from review.

B. The Merits

In an abundance of caution, the Court has considered petitioner's claims regarding ineffective assistance of counsel and the excessiveness of his sentence on the merits. These claims are, however, without merit and do not provide any basis for habeas relief in this case.

---

[3] Although claims that relate to the voluntariness of a defendant's plea are not procedurally barred, petitioner here makes no challenge, nor could such a challenge be meritoriously asserted. At the plea proceeding, the trial court confirmed that petitioner was mentally and physically competent to proceed, and that petitioner was satisfied with the representation counsel had provided to him. (Plea Tr. at 4–6.) As detailed *supra*, petitioner affirmatively waived his right to appeal after the trial court explained that, upon sentencing, petitioner would have no right to appeal the plea, the sentence, or other decisions by the trial court. (*Id.* at 7–8.) Nothing in the record indicates that petitioner's waiver of his right to appeal was not made voluntarily, intelligently, and knowingly. Thus, the Court deems the waiver valid and comprehensive.

[4] As discussed *infra*, petitioner also does not put forth sufficient evidence to support a contention that, but for the alleged ineffective assistance of his counsel, he would have received a sentence of five years.

1. Ineffective Assistance of Counsel

    a. Legal Standard

Under the standard promulgated in *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant is required to demonstrate two elements in order to state a successful claim for ineffective assistance of counsel: (1) "counsel's representation fell below an objective standard of reasonableness," *id.* at 688, and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

The first prong requires a showing that counsel's performance was deficient. However, "[c]onstitutionally effective counsel embraces a 'wide range of professionally competent assistance,' and 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Greiner v. Wells*, 417 F.3d 305, 319 (2d Cir. 2005) (quoting *Strickland*, 466 U.S. at 690). The performance inquiry examines the reasonableness of counsel's actions under all circumstances, keeping in mind that a "'fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight.'" *Id.* (quoting *Rompilla v. Beard*, 545 U.S. 374, 408 (2005)). In assessing performance, a court "must apply a 'heavy measure of deference to counsel's judgments.'" *Id.* (quoting *Strickland*, 466 U.S. at 691). "A lawyer's decision not to pursue a defense does not constitute deficient performance if, as is typically the case, the lawyer has a reasonable justification for the decision," *DeLuca v. Lord*, 77 F.3d 578, 588 n.3 (2d Cir. 1996), and "'strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable,'" *id.* at 588 (quoting *Strickland*, 466 U.S. at 690–91). "However, 'strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.'" *Id.* (quoting *Strickland*, 466 U.S. at 690–91).

The second prong focuses on prejudice to a petitioner. A petitioner is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "Reasonable probability" means that the errors were of a magnitude such that they "'undermine[] confidence in the outcome.'" *Pavel v. Hollins*, 261 F.3d 210, 216 (2d Cir. 2001) (quoting *Strickland*, 466 U.S. at 694). "'[T]he question to be asked in assessing the prejudice from counsel's errors . . . is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.'" *Henry v. Poole*, 409 F.3d 48, 63–64 (2d Cir. 2005) (quoting *Strickland*, 466 U.S. at 695). "'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" *Lindstadt v. Keane*, 239 F.3d 191, 204 (2d Cir. 2001) (quoting *Strickland*, 466 U.S. at 691). Moreover, "[u]nlike the determination of trial counsel's performance under the first prong of *Strickland*, the determination of prejudice may be made with the benefit of hindsight." *Hemstreet v. Greiner*, 491 F. 3d 84, 91 (2d Cir. 2007) (internal citation and quotation marks omitted).

This Court proceeds to examine petitioner's claims, keeping in mind he bears the burden of establishing both deficient performance and prejudice. *United States v. Birkin*, 366 F.3d 95, 100 (2d Cir. 2004).

8

b.  Application

Petitioner argues that he received ineffective assistance of counsel because his attorney failed to provide the trial court at sentencing with a reason why it should impose a five-year sentence as opposed to a six-year sentence. (Petitioner's Reply Mem. at 2.) Petitioner contends that, because counsel remained silent, he was not given the five-year sentence the court would have entertained had counsel addressed the court. (*Id.*) However, upon review of the record, the Court determines that these contentions are without merit.

Petitioner's claim fails to satisfy the first prong of *Strickland*. Under the strong presumption that counsel has given effective assistance, *Greiner*, 417 F.3d at 319 (quoting *Strickland*, 466 U.S. at 691), this Court does not regard counsel's actions at sentencing as objectively unreasonable. Counsel did not remain silent at sentencing, as petitioner suggests. Instead, counsel said that "there had been a six year commitment from the Court to run concurrent to the one and-a-third to four. Or if the Court wishes to follow the People's recommendation of five years concurrent to one and-a-third to four, I would not object—". (Sentencing Tr. at 3.) He then continued to make requests of the court during sentencing, including redacting information on the probation report, even though the court did not appear receptive to the five year sentence request. (*Id.*) This level of involvement in the sentencing hearing can hardly be construed as standing silent as petitioner contends. *Cf. Gonzalez v. United States*, 722 F.3d 118, 124, 135–36 (2d Cir. 2013) (holding that where counsel did little more than simply attend the sentencing hearing and make a two-sentence statement, counsel provided objectively unreasonable assistance, particularly where counsel did not submit a sentencing memorandum, seek lenience based on defendant's attempts to cooperate with the government, failed to challenge imposition of aggravating role enhancement, and failed to seek downward departure).[5]

Although petitioner's failure to successfully satisfy the first prong of *Strickland* disposes of his ineffective assistance of counsel claim, even assuming *arguendo* that petitioner satisfied this prong, his claim lacks merit with respect to the second prong of *Strickland*.

To demonstrate prejudice as a result of the ineffective assistance of counsel, petitioner "must show a reasonable probability that, but for counsel's substandard performance, he would have received a less severe sentence." *Gonzalez*, 722 F.3d at 130. In the instant case, the Court concludes that, even if counsel had argued for a five-year sentence, it is unlikely

---

[5] Relatedly, petitioner relies on *Miller v. Martin*, 481 F.3d 468 (7th Cir. 2007), to assert that defense counsel's decision to stand silent at sentencing warrants a presumption of prejudice. In *Miller*, the Seventh Circuit reiterated its holding that "the effective abandonment of a defendant at sentencing" calls for a presumption of prejudice. *Id.* at 472. For that presumption to apply, however, "'the attorney's failure must be complete,'" such that the advocacy is ostensibly "non-existent." *Id.* at 473 (quoting *Bell v. Cone*, 535 U.S. 685 (2002)). *Miller* concerns notably distinct circumstances from this case. There, during sentencing, counsel only orally moved for a new trial and explained that neither he nor the defendant would participate in the proceedings. *Id.* He "did not offer a shred of mitigating evidence, object to (or consult with his client about) errors in the [presentence report], or even lobby for a sentence lower than the one urged by the State." *Id.* Here, on the other hand, counsel clearly participated in the sentencing proceeding and acknowledged and agreed with the prosecution's recommendation of a five-year sentence. Nothing in the record indicates that any particular issues arose before or during the sentencing hearing that affected (*e.g.*, increased) petitioner's sentence. Thus, the Court cannot conclude that Lemke failed to participate at all in the sentencing or was constitutionally ineffective in any way.

9

that the trial court would have imposed that sentence. As the court indicated, it deemed the six-year sentence to be a benefit for petitioner, particularly given the circumstances of his violation of probation. (*See* Sentencing Tr. at 5–7 ("As far as I'm concerned, I'm showing you mercy by the sentence I'm giving you. . . . Probation says that you made a poor adjustment to community supervision which, I guess, four guns and a silencer with rounds of ammunition would be an understatement. . . . [Y]ou did admit your guilt. That's why you're not doing more than six years.").) There is no reason to believe, in light of the court's reasoning, that any argument by counsel would have resulted in a lower sentence. Moreover, the lack of prejudice is further demonstrated by the fact that petitioner not only received the sentence that was promised to him at the plea proceeding by the court, but also received a sentence that was advantageous to him and well below the potential maximum of fifteen years. In sum, counsel's performance was neither deficient nor prejudicial to petitioner in any way. Accordingly, the ineffective assistance of counsel claim does not provide a basis for habeas relief in this case.

2.  Excessive Sentence

In this case, petitioner was sentenced to a determinate term of imprisonment constituting six years for criminal possession of a weapon in the second degree, followed by three years of post-release supervision. Petitioner challenges this sentence as excessive in light of the prosecution's recommendation for a five-year sentence and counsel's failure to argue in favor of that sentence. (Petition, at 8.)

For the purpose of habeas review, "[n]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." *White v. Keane*, 969 F. 2d 1381, 1383 (2d Cir. 1992); *see also Alfini v. Lord*, 245 F. Supp. 2d 493, 502 (E.D.N.Y. 2003) ("It is well settled that an excessive sentence claim may not be raised as grounds for habeas corpus relief if the sentence is within the range prescribed by state law." (collecting cases)); *McCalvin v. Senkowski*, 160 F. Supp. 2d 586, 589 (S.D.N.Y. 2001) ("Sentencing decisions are not cognizable on habeas corpus review unless the sentence imposed falls outside the range prescribed by state law."); *Thomas v. Senkowski*, 968 F. Supp. 953, 956–57 (S.D.N.Y. 1997) (dismissing excessive sentence claim where the petitioner's sentence fell within the range prescribed by state law).

Petitioner pled guilty to criminal possession of a weapon in the second degree, which carries a maximum sentence of up to 15 years' incarceration. N.Y.P.L. §§ 265.03, 70.02(1)(b) ("For a class C felony, the term must be at least three and one-half years and must not exceed fifteen years. . . ."). Thus, because petitioner's sentence was within the statutorily prescribed range, there is no federal question for habeas review.[6] *See Burvick*, 2013 WL 3441176, at *11 (finding no federal question for habeas review where sentence was within statutorily prescribed range); *Bell v. Ercole*, 631 F. Supp. 2d 406, 419 (S.D.N.Y. 2009) (finding no federal constitutional issue where sentence of fourteen years fell within New York statutory guidelines for second felony offender convicted of possession of weapon in second degree).

IV.  CONCLUSION

For the foregoing reasons, the Court concludes that the petitioner has

---

[6] In any event, for the reasons explained by the sentencing court, this Court concludes that the sentence was not excessive in light of the criminal conduct that was the subject of the guilty plea.

demonstrated no basis for habeas relief under 28 U.S.C. § 2254. Petitioner's claims of ineffective assistance of counsel and excessive sentence are barred from review in light of the state court's decision on adequate and independent procedural grounds. Petitioner's claims are also plainly without merit. Therefore, the petition for a writ of habeas corpus is denied. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2). The Clerk of the Court shall enter judgment accordingly and close this case.

                SO ORDERED.

       _____
       JOSEPH F. BIANCO
       United States District Judge

Dated: July 30, 2014
      Central Islip, New York

                \*\*\*

Petitioner proceeds *pro se*. Respondent is represented by Kathleen M. Rice, by Jason R. Richards and Kevin C. King, Nassau County District Attorney's Office, 262 Old Country Road, Mineola, NY 11501.